UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ELLSWORTH S. ROACH** | **CIVIL ACTION NO. 09-1129-P** |
| **VERSUS** | **JUDGE STAGG** |
| **DEPUTY GRAVES, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Ellsworth S. Roach ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on July 2, 2009. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He names Deputy Graves, Steve Prator and the Caddo Correctional Center as defendants.

Plaintiff claims that on January 3, 2009, he stepped out of his floor bunk and slipped on the wet floor. He claims the floor was wet because the showers had been cleaned and the water flooded his cell floor. Plaintiff claims he injured his knee and back when he fell. He claims he pressed his medical emergency button several times. He claims Officer Graves turned off his call button.

Plaintiff claims that when Officer Graves finally opened his door fifteen minutes later and inquired about his emergency, he told him what had happened and asked that a report be written. He claims a report was never written. He claims 30 minutes later he was finally taken to the medical department. Plaintiff claims Officer Graves was negligent in performing his duties.

Accordingly, he seeks monetary compensation. For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

**Conditions of Confinement**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991). First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324. "[O]nly those deprivations denying 'the

minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)). Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979. However, mere neglect and/or negligence do not constitute deliberate indifference. See Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding that the defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324. Plaintiff claims his cell floor was wet because the showers had been cleaned. The Court finds that water on the floor does not create a substantial risk of serious harm. See Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995). Thus, Plaintiff's claim has failed to satisfy the first component of an Eighth Amendment claim. Accordingly, Plaintiff's claim regarding the conditions of his confinement should be dismissed with prejudice as frivolous.

**Medical Treatment**

Plaintiff claims he was denied adequate medical care after he slipped and fell. He claims Officer Graves was negligent and denied him medical treatment for approximately 45 minutes after he fell.

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. A delay in medical care will violate the Eight Amendment on if the delay is based on deliberate indifference and results in substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits he received medical treatment 45 minutes after he fell. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton." Furthermore, Plaintiff does not allege that the 45 minute delay in receiving treatment for his injuries resulted in any real harm.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).

Accordingly, Plaintiff's claims regarding his medical treatment should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge the at time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 6th day of March, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE